**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rumaldo PESHLAKAI, Defendant—Appellant.**

No. 01–10339.

D.C. No. CR–00–00697–1–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2002.

Decided Feb. 26, 2002.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM*

Rumaldo Peshlakai appeals his conviction and sentence for assault and for assault resulting in serious bodily injury. *See* 18 U.S.C. § 113(a)(4), (a)(6); *see also* 18 U.S.C. § 1153. We affirm the conviction, but vacate the sentence and remand.

(1) Peshlakai first complains that the district court erred in instructing the jury on the crime of assault resulting in serious bodily injury because it stated that the injury must "result" from the striking, rather than giving the more lengthy instruction about causation sought by him. We disagree. No doubt there can be times when the more lengthy instruction is required. *See United States v. Main*, 113

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d 1046, 1049–50 (9th Cir.1997). However, in this case there was no truly complicating fact pattern regarding intervening causes or the like. Rather, the jury was asked to determine whether Peshlakai participated in beating and kicking the victim. The word "result" sufficiently conveyed to the jury the legal causation principle that it had to use in order to find Peshlakai guilty as a principal. *See United States v. Hanousek,* 176 F.3d 1116, 1123–24 (9th Cir.1999); *United States v. Montgomery,* 150 F.3d 983, 1002 (9th Cir.1998); *United States v. Warren,* 25 F.3d 890, 895–96 (9th Cir.1994). The district court did not abuse its discretion. *See United States v. Hicks,* 217 F.3d 1038, 1045 (9th Cir.), *cert. denied,* 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000).

(2) Peshlakai next contends that the district court erred when it imposed enhancements which had an extremely disproportionate effect upon its sentence,[1] but used a preponderance of the evidence standard in so doing. We agree because, as the government essentially concedes, the proper standard is clear and convincing evidence. *See United States v. Jordan,* 256 F.3d 922, 927–29 (9th Cir.2001); *United States v. Mezas de Jesus,* 217 F.3d 638, 645 (9th Cir.2000); *see also United States v. Johansson,* 249 F.3d 848, 854 (9th Cir. 2001). We must, therefore, decide whether the error was harmless beyond a reasonable doubt. *See Mezas de Jesus,* 217 F.3d at 645; *see also United States v. Valensia,* 222 F.3d 1173, 1178 (9th Cir. 2000), *cert. granted, judgment vacated, and remanded on other grounds by* 532 U.S. 901, 121 S.Ct. 1222, 149 L.Ed.2d 133 (2001). We cannot say that it was. Therefore, we vacate the sentence, and remand so that the district court can re-

consider the sentence enhancement issues while applying the correct burden of persuasion standard, and resentence Peshlakai on that basis.

AFFIRMED as to the conviction. Sentence VACATED, and REMANDED for further proceedings.

---

1. The enhancements were: a four-level enhancement for the use of a dangerous weapon and a six-level enhancement for causing permanent or life threatening bodily injury.

